UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Quintin M. Littlejohn, | ) | C/A No. 7:10-1427-RBH-KFM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Report and Recommendation |
| Charles Coke, *of Kingston, Jamaica*, | ) | |
| Defendant. | ) | |

## *Background of this Case*

The plaintiff is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).[1] The plaintiff was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. The plaintiff currently resides in Gaffney, South Carolina. The defendant is a purported "drug lord" in Jamaica.

In the complaint, the plaintiff alleges that the defendant has imported various types of illegal drugs into the United States and has violated the Hobbs Act. Hence, it is readily apparent that the defendant is actually Christopher "Dudus" Coke, a reputed drug lord. *See* Chris Kraul, *Jamaica's leader survives a censure vote*, Los Angeles Times (June 2, 2010), *reported at* 2010 WLNR 11258072:

> KINGSTON, JAMAICA
>
> Anger over Prime Minister Bruce Golding's handling last week of police operations against a suspected drug lord that left 73 people dead

---

[1] The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton*, President of the United States, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the plaintiff's pleadings for docket control purposes.

> pushed Jamaica's Parliament to introduce a no-confidence measure Tuesday that could have cost the beleaguered leader his job.
>
> The weeklong police and military search for alleged drug lord Christopher "Dudus" Coke, which also saw 700 people detained, had drawn widespread criticism and calls for Golding's resignation, including from longtime rival and former Prime Minister Edward Seaga. . . .

2010 WLNR 11258072.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[2] has been conducted in light of numerous precedents, including *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). A litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 WL 2160632, *2 (S.D. Cal., July 17, 2009) (dismissing *pro se* complaint). Even under this less stringent standard, the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Insofar as the plaintiff is complaining about the foreign policy of the United States with respect to Jamaica and the possible extradition of Christopher "Dudus" Coke to the United States, this case is subject to summary dismissal under the "political question" doctrine. Under the "political question" doctrine, the United States District Court for the District of South Carolina cannot address the plaintiff's claims relating to an alliance or alliances of the United States, its foreign policy toward other nations and international organizations, or matters handled by the United Nations Security Council or the International Court of Justice. *Goldwater v. Carter*, 444 U.S. 996, 1002-1006 (1979). The "political question" doctrine discourages judicial interference with certain types of cases involving the other branches of the Government of the United States. *Baker v. Carr*, 369 U.S. 186, 211 (1962). *See also Dellums v. Bush*, 752 F. Supp. 1141 (D.D.C. 1990); and *Eckert International v. Government of the Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 171 (E.D. Va. 1993) (purpose of "political question" doctrine is "to prevent judicial pronouncements that would disrupt this country's foreign relations").

The plaintiff lacks standing to sue Christopher "Dudus" Coke for his drug activities. *See Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and

3

that the merits of the case are irrelevant); *Frank Krasner Enterprises, Ltd. v. Montgomery County, Maryland*, 401 F.3d 230, 234-36 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing).[3] Here, the plaintiff lacks a sufficient interest or stake in the alleged conduct of the defendant to obtain a judicial resolution.

Furthermore, the plaintiff does not have standing to seek criminal charges against Christopher "Dudus" Coke. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person). *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915. *See also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

June 8, 2010       s/Kevin F. McDonald
Greenville, South Carolina      United States Magistrate Judge

---

[3] A district court, in making a determination on standing to sue, should not improperly conflate the threshold standing inquiry with the merits of the claim raised in the case. *Pitt County v. Hotels.com, L.P.*, 553 F.3d 308 (4th Cir. 2009).

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 10768**
> **Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).